JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3854 PA (MANx) | Date | May 4, 2012 |
|---|---|---|---|
| Title | Polyexcel, LLC v. Techmer PM, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed on May 3, 2012 by defendant Techmer PM, LLC ("Defendant"). Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Id. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    Defendant's Notice of Removal appears to be alleging that plaintiff Polyexcel LLC ("Plaintiff") is a citizen of Utah because it is a Utah limited liability company with its principal place of business in

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3854 PA (MANx) | Date | May 4, 2012 |
|---|---|---|---|
| Title | Polyexcel, LLC v. Techmer PM, LLC, et al. | | |

Utah, and that Defendant is a citizen of Delaware and Tennessee because it is a Delaware limited liability company with its principal place of business in Tennessee. (Notice of Removal at 4:7–15.) However, unlike a corporation, which is a citizen of any state where it is incorporated and of the state where it has its principal place of business, an LLC is a citizen of every state of which its owners/members are citizens. Here, there are no allegations concerning the citizenship of Plaintiff's or Defendant's owners/members. Therefore, Defendant has failed to demonstrate that diversity exists.

      Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. BC 475821 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.